CANDAL, PLAINTIFF AND APPELLEE, *v.* PIERLUISI ET AL., DEFENDANTS AND APPELLANTS.

## APPEAL from the District Court of Ponce in an Action of Debt.

No. 2069.—Decided June 11, 1920.

JUDGMENT—LIMITATION.—Sections 239 and 243 of the Code of Civil Procedure are not applicable when it is not sought to execute a judgment in the action

in which it was entered, but in another action for the satisfaction of a prior money judgment. In other words, where a judgment creditor brings an ordinary action to recover the amount of the judgment, the period of limitation is not that of five years to which section 239 refers.

ID.—JURISDICTION.—When a verified complaint sets up the existence of a judgment which is literally copied therein and the answer does not specifically deny the jurisdiction of the court that entered it, the presumption is that the court had jurisdiction unless the judgment shows the contrary.

The facts are stated in the opinion.

*Messrs. L. Torres Grau, Tomás Torres* and *L. Llorens* for the appellants.

*Mr. J. F. Fernández Coronas* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action was brought in the District Court of Ponce by Joaquín Candal Fernández against the spouses Simón Pierluisi y Grau and Gloria María Vázquez y Martínez for the recovery of a judgment credit.

In the verified complaint filed on December 23, 1918, the plaintiff alleges that defendant Simón Pierluisi is indebted to him in the sum of $2,400 as a debt of record by virtue of a judgment entered by the District Court of Ponce on July 22, 1904, the judgment being copied into the complaint; that defendant Pierluisi likewise owes the plaintiff interest on the said sum at the rate of one per cent monthly from the date of the judgment; that the interest calculated up to November 22, 1918, or for 162 months, amounts to the sum of $4,128; that the total amount of the principal and interest, or $6,528, has not been paid by the debtor or by any other person in his name to the plaintiff or to any other person; that the debt was contracted by Pierluisi before he married his present wife, defendant Gloria María Vázquez, they now forming a legal conjugal partnership; that the defendant has no capital of his own of any kind with which to pay in whole or in part the principal and interest sued for; that the conjugal partnership composed of the two defendants has properties more than sufficient to pay the said

$6,528 and such interest as may accrue thereon, without prejudice to the obligations enumerated in section 1323 of the Civil Code; that among the said community properties are two farm properties, one called Porvenir in the municipality of Adjuntas with an area of 322 acres and the other called Gloria in the municipality of Ponce with an area of 30.50 acres.

The complaint concludes with a prayer for judgment against defendant Simón Pierluisi for the sum of $6,528 and such interest as may accrue on the principal from the 22nd of November, 1918, until fully paid, together with the costs of the action, including the fees of the plaintiff's attorney, conditioned that inasmuch as the debtor spouse has no capital of his own with which to pay the said sums and other liabilities, they shall be paid by the conjugal partnership composed of the defendant spouses, in accordance with the provisions of section 1325 of the Civil Code.

The defendants demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action and that the action was barred by limitation because of the expiration of the term of five years fixed by section 239 of the Code of Civil Procedure in connection with section 243 thereof, the basis of the complaint being, according to its allegations, a judgment recovered in 1904 whose execution is barred. The plaintiff moved to strike out the paragraph of the demurrer setting up prescription on the ground that it was impertinent because it was not sought to execute a judgment within the action in which it was entered, and by an order of February 14, 1919, the court sustained the motion to strike out and overruled the demurrer.

The defendants thereupon answered and defendant Pierluisi admitted that on July 22, 1904, judgment was entered against him for the sum of $2,400, but alleged that he was not summoned to appear at the trial of that action; that his default was not entered, and that he was not given an op-

portunity to be heard in his own defense. He further alleged that one of the promissory notes for 1,000 provincial *pesos* on which the action was based had become outlawed when the complaint was filed, in accordance with section 950 of the Code of Commerce. He denied owing interest of any kind on the principal or any other sum, or that it could be fixed at the rate of 12 per cent annually, and denied also the other allegations of the complaint, alleging to the contrary that he owes nothing at present because the debt became satisfied by operation of law under section 239 and 243 of the Code of Civil Procedure; that he made certain notes while married, but at the time of signing them he had and now has separate properties and has always been solvent, with sufficient property to pay any debt which he may incur; that he also acquired properties during his wedlock with Gloria María Vázquez, and that she was not a party to the action in which the judgment here sued on was entered.

The plaintiff moved for judgment on the pleadings in accordance with subdivision one of section 132 of the Code of Civil Procedure, the complaint being verified and having been answered only in a general way and not in the specific manner required by subdivision two of section 110 of the said code. On May 7, 1919, the court sustained the motion in all its parts and entered judgment on the pleadings against the defendants for the sum of $6,528 and interest on the principal sum of $2,400 from November 22, 1918, up to which date it had been calculated, until fully paid, the defendants being adjudged to pay also the costs, disbursements and the plaintiff's attorney fees. It was further adjudged that if Pierluisi y Grau had no capital of his own with which to satisfy this debt and other liabilities, it should be paid by the conjugal partnership composed of the defendant spouses, in accordance with the provisions of section 1325 of the Civil Code.

From that judgment the defendants appealed to this court and the grounds on which they ask for a reversal of the said judgment may be condensed as follows: 1st, error committed by the court in overruling the demurrer on the ground of prescription; 2nd, error in sustaining the motion for judgment on the pleadings for the reason that the complaint did not set up facts to establish the jurisdiction of the Ponce court to enter the judgment of July 22, 1904, nor was it alleged that the judgment was entered in due form as prescribed by section 126 of the Code of Civil Procedure.

The first error does not exist because sections 239 and 243 of the Code of Civil Procedure which the appellants cite in support of the plea of prescription are not applicable to this case, in which it is not sought to execute a judgment in the action in which it was entered, but a new action has been brought to recover from the defendants a credit established by a judgment entered in an action against defendant Simón Pierluisi. *Vázquez* v. *Martínez,* 17 P. R. R. 1091.

While it is not customary to recover judgment debts by the proceeding followed by the plaintiff, the fact that certain formalities are prescribed by law for the execution of judgments does not prevent recourse to an ordinary action to enforce payment of such debts. *Tettamauzi et al.* v. *Zeno,* 24 P. R. R. 724. And when recourse is so taken the period of limitation is not that of five years referred to in section 239 above cited.

The second error assigned by the appellant was not committed.

The judgment from which the plaintiff derives his cause of action and which was set up as the fundamental basis of the action reads as follows:

"In the District Court for the Judicial District of Ponce, P. R.—Joaquín Candal Fernández *v.* Simón Pierluisi y Grau.—Civil No. 19.—Debt.—Judgment.—This 22nd day of July, 1904, having been

set for the hearing of this case, the plaintiff, Joaquín Candal Fernández, appears by his attorney, José F. Fernández, and moves for a default judgment against the defendant. The court orders that a judgment be entered against the defendant for the sum of $2,400 with interest at one per cent· monthly from the maturity of the respective obligations until fully paid and the costs amounting to * * *. Let execution issue against the properties of the defendant for the satisfaction of this judgment. Attest, Genaro Vidal, Clerk District Court.—Approved, José Tous Soto, District Court Judge.— * * * The said judgment is final because not appealed from.—Signed, Felipe Colón, Clerk District Court of Ponce.''

Section 126 of the Code of Civil Procedure reads as follows:

''Section 126.—In pleading a judgment, or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction.''

That section does not refer to a case where the judgment is literally copied into the pleading, for when it is so copied, as in this case, there arises the presumption that the court acted with jurisdiction and followed the procedure established by law, unless the contrary appears *prima facie,* which is not the case with the judgment here.

Of course this presumption may be attacked by the defendant, but when the complaint is verified the objection must be made in a specific manner, alleging facts establishing the lack of jurisdiction of the court.

The allegation of the complaint into which the judgment of July 22, 1904, was copied was answered by the defendants in the following language:

''Defendant Simón Pierluisi y Grau admits that on July 22, 1904, judgment was entered against him for the sum of $2,400; but alleges in opposition that he was not summoned to appear at the trial of

that action; that his default was not entered, and that he was not given an opportunity to be heard in his own defense."

This answer is not a specific denial by the defendant of the jurisdiction of the court that entered the judgment of July 22, 1904, for even admitting the facts therein stated to be true, the lack of jurisdiction of the court would not be a necessary consequence. The defendant might not have been summoned to appear at the trial of the action in which the judgment was entered; his default might not have been entered; he might not have been given an opportunity to be heard at the trial, and still, notwithstanding all this, a judgment could have been entered by the court with jurisdiction. The only way to plead to the jurisdiction of the court was to allege that the defendant was not summoned or that the subject-matter of the action was not within the court's jurisdiction.

When a complaint is verified the denial by the defendant of the allegations of the plaintiff must be specific, according to subdivision 2 of section 110 of the Code of Civil Procedure, and section 132 prescribes that every material allegation of the complaint not controverted by the answer, must, for the purposes of the action, be taken as true. The allegation relative to the judgment entered against Pierluisi being material, inasmuch as it is so far the basis of the action that if struck out the action could not prosper, and the jurisdiction of the court that entered the judgment not having been specifically denied, the presumption is that the said court acted with jurisdiction over the person of the defendant and the subject-matter of the action.

If the defendant believed that the judgment was null and void for lack of jurisdiction in the court it was incumbent upon him to allege specifically the facts to establish that lack of jurisdiction in order that the plaintiff should be bound to prove the contrary at the trial by establishing

the facts that confer such jurisdiction. He did not do so; therefore the court followed the law in sustaining the motion for judgment on the pleadings.

The judgment appealed from must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.